## ABENHEIM et al. v. SAMUEL.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. TRIAL—OBJECTIONS TO EVIDENCE—GENERAL OBJECTIONS.

In an action where the quality of certain iron was in issue, a witness for defendant testified he had been in the iron business for about 27 years, that he could tell the quality of iron by inspection, and that he had examined the iron in question; it was error on plaintiff's general objection to exclude the testimony as to the quality of such iron, since the general objection could only raise the question of relevancy, and the quality of the iron was necessarily relevant.

2. SAME—RECEPTION OF EVIDENECE—DISCRETION OF TRIAL COURT.

Where the quality of iron was in issue, the court properly allowed plaintiff to introduce evidence thereof after defendant had rested, the order of the admission of evidence being in the discretion of the trial judge.

3. SAME—REQUEST TO CHARGE—PRIOR CHARGE TO SAME EFFECT.

An instruction is properly refused when the court has already charged to the same purport, though in different language.

4. SAME—INSTRUCTIONS—OBJECTIONS TO—WHEN TOO GENERAL.

Where many portions of a charge are unobjectionable, a general objection to the entire charge will not be sustained.

5. SALE—QUALITY OF GOODS SOLD—EVIDENCE.

In an action for the price of iron sold, where defendant claimed that the iron delivered was not of the quality contracted for, it was error to exclude the evidence of defendant's witness, offered on redirect examination, to show the characteristics of the iron contracted for, with a view of showing that the iron delivered was not of that quality.

6. APPEAL—REVIEW—MATTER NOT APPARENT ON THE RECORD.

Objections to the rulings of the trial court, which do do not appear in the record by exceptions, will not be considered on appeal.

Appeal from circuit court, New York county.

Action by Max Abenheim and others against Edward Samuel to recover the price of iron sold. There was judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Leopold Wallach,* for appellant. *Richard S. Newcombe,* for respondents.

VAN BRUNT, P. J. This action was brought to recover a balance due upon contract for the delivery of 700 tons of iron, Coltness No. 1 Foundry. The defense set up was that the iron was not of the quality contracted for, and the learned justice who presided at the trial submitted the question to the jury whether the iron delivered was Coltness brand No. 1. The jury were specially instructed that the iron would not answer to the quality called for by the con-

tract merely because it had a brand upon it of "No. 1 Coltness," but it must have been such iron according to the true standard grade that the Coltness foundry had established. If it was,—if this iron was Coltness No. 1 Foundry,—then the jury were instructed to find for the plaintiff. If it was not, then they were directed to find for defendant for the amount paid on the iron, and the interest thereon. The defendant excepted to the judge's charge commencing with the paragraph mentioned down to the end, and to each and every part thereof. This exception is not well taken, as it is too general; and there were many portions of the charge excepted to, if not all of it, entirely unobjectionable. The defendant also made certain requests which were refused otherwise than already charged. The requests had all been, except one, substantially charged, although perhaps in different language from that in which the requests were couched, but to the same purport; and this is all to which the defendant is entitled. The court construed the contract as it was its duty to do. There was no ambiguity as to its terms. The contract plainly called for "Coltness No. 1 Foundry;" and if this iron company had established a grade of iron known by this name, or which would come under this designation, that quality of iron, and none other, was called for. The evidence showed that there was a quality of iron well known in the market as "No. 1 Coltness" pig-iron, suitable for foundry purposes. The contract called for pig-iron "Coltness No. 1 Foundry." The only variation from the description of the quality of Coltness iron well known in the market being the word "Foundry;" and it appears that the Coltness pig-iron No. 1 is principally used for foundry purposes. It is clear, therefore, that it was this quality of iron well known in the market which was contracted for; and whether the iron delivered came up to this standard was plainly submitted to the jury.

The claim that the learned judge erred in admitting evidence upon the part of the plaintiff as to quality after the defendant had rested cannot be supported. The order of proof was in the discretion of the judge, and although perhaps he might have adhered to a more rigid rule, it was not legal error not to do so. The objection founded upon the rulings of the court as to the number of witnesses as to quality cannot be considered, because it does not appear in the case, and we cannot infer that any error was committed therein. There seems, however, to have been some errors committed to the prejudice of the defendants in the exclusion of evidence. Mr. Theodore H. Morris was examined as a witness by a commission, and, after showing that he had been in the iron business since 1861, that he could tell the quality or grade of iron by inspection, and that he had examined the iron, he was asked: "What grade of iron was it?" This question was objected to without stating any grounds, and excluded, and an exception duly taken. This seems to have been error. If the objection was want of qualification, or any dispute as to the identity of the iron inspected, the objection should have so stated, because these objections can frequently during a trial be obviated. A general objection raises only the question of relevancy, and it was certainly relevant to show what grade the iron was. Another ruling seems to be equally fatal. A witness having been examined and cross-examined as to the quality of the iron, upon redirect examination was asked: "What do you expect to find in Coltness iron particularly?" This question was ruled out under objection. This question was intended to call out from the witness a description of the particular characteristics of Coltness iron, and if these were not found in the iron in question, it was some proof that the iron was not of that quality. By these rulings the defendant was deprived of evidence to which he was entitled, and of the benefit of which he should not have been deprived. The judgment must be reversed, and new trial ordered, with costs to the appellant to abide event.

BARTLETT and DANIELS, JJ., concur.